UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 23-CR-132-JFH-1 |
| v. | ) ) |
| YEFRIN ROLANDO MANCEBO-GARCIA, | ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Before the Court is the plaintiff's Petition for Writ of Habeas Corpus Ad Prosequendum (Doc. 32).

## **I.    Prior Proceedings**

The defendant was initially arrested in this case on a warrant issued on March 13, 2023 on a Complaint (Doc. 1). At the initial appearance on the Complaint, the plaintiff did not move for the defendant to be detained. Thus, as required by the Bail Reform Act, 18 U.S.C. § 3142, the Court released the defendant from custody on conditions of release and bond. (Doc. 3, 5, 6). According to the plaintiff's Petition here, the defendant was then placed in Immigration and Customs Enforcement (ICE) custody.

The defendant was subsequently indicted on April 5, 2023. (Doc. 17). At the government's request, a summons was issued for his appearance at the arraignment on the Indictment on April 13, 2023. (*See* Doc. 19). The afternoon before the scheduled arraignment, the plaintiff filed an "Opposed Motion to Strike Summons and Issue Arrest

Warrant." (Doc. 22). The plaintiff recited in the motion that the "summons was issued in error" and requested that the "summons be stricken in favor of an arrest warrant." (*Id.*). No authority was cited to support the request. (*See id.*). In a response filed promptly after the filing of the plaintiff's motion, the defendant cited a number of cases and argued that the arrest warrant should not be issued because the defendant had been released and not detained in this case and there was no basis for issuance of a warrant for his arrest. (*See* Doc. 24).

During the time set for arraignment on April 13, 2023, the Court heard the parties' arguments on the motion. The Court first noted that it had reviewed the motion and response, as well as caselaw cited in the response, then invited the plaintiff's counsel to reply regarding the defendant's legal arguments. The plaintiff's counsel again did not cite any legal authority for the plaintiff's motion and did not dispute or distinguish any of the cases cited by the defendant. Instead, to support the relief requested in its motion, the plaintiff merely reported a conversation its counsel had with an unnamed employee of the United States Marshals Service:

> [Assistant United States Attorney]: I am trying to get [the defendant] over here and so I spoke to the US Marshals and they said that that was the proper procedure to get this case resolved. I also told counsel that, once he does get over here, I will not be asking for detention, at least on our end. I understand that that doesn't resolve his ICE issues, but I reported to the court before that I didn't think he was a danger and I'm not going to change my opinion now just because ICE picked him up. I was told that this is how we get him here.

In follow up, the Court asked the plaintiff's counsel whether plaintiff had "any authority to counter" the defendant's cited cases, to which plaintiff's counsel responded:

2

"No." The Court denied the plaintiff's motion, without prejudice to the plaintiff later re-urging the requested relief upon citation to applicable legal authority: "I'm going to deny this motion, without prejudice, and if you have some authority that counters what [defendant's counsel] has cited, I will consider it at that time."

## II.     The Instant Petition and Response

In the instant Petition (Doc. 32) now before the Court, the plaintiff requests the entry of an order directing the Clerk to issue a writ of habeas corpus ad prosequendum commanding ICE to deliver the defendant to the custody of the United States Marshals Service for transport to this District for purposes of prosecution "and that upon completion of this case, the Marshal, agency, deputy, or agent shall return the body of [the defendant] to the David L. Moss Correctional Center, Tulsa, Oklahoma to the custody of the U.S. Immigration and Customs Enforcement." (Doc. 32 at 2).[1]

In response to the petition (Doc. 33), the defendant argues that the plaintiff's petition is an improper request that the Court "wade into this Executive Branch turf battle" between ICE and the Department of Justice (DOJ). The defendant cites cases (*see* Doc. 33 at 2) in which courts determined that issuance of an arrest warrant or writ of habeas corpus ad prosequendum is inappropriate under these circumstances because both ICE and the prosecuting arm of the DOJ are Executive Branch agencies and the courts should not get

---

[1]     It is unclear whether the reference to the David L. Moss Correctional Center was in error, a request for interim or additional relief or detention, or an effort to obtain an order from this Court dictating the precise location at which ICE or the United States Marshals Service would detain the defendant, which is not this Court's province.

3

involved in custodial issues within the same branch. *See, e.g.*, *United States v. Villa*, 2019 WL 1454048, at *4 (D. Kan. Apr. 2, 2019) (unpublished) (denying government's request for issuance of writ of habeas corpus ad prosequendum to ICE to deliver defendant to trial proceedings); *United States v. Blas*, 2013 WL 5317228, at *2 n.2 (S.D. Ala. Sept. 20, 2013) (denying government request for arrest warrant where the defendant was "in the custody of another Executive Branch agency (ICE)").

Although *Villa* is unpublished and not controlling on this Court, its reasoning appears generally consistent with the Tenth Circuit's analysis regarding the Executive Branch's possible internal dissonance in criminal detention matters where a defendant is released pending criminal trial, but is taken into custody pursuant to an ICE detainer. *See United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017). In *Ailon-Ailon*, the court reversed a district court order denying the defendant's pretrial release, where the denial was premised on the government's argument that the defendant was a risk of flight due to potential removal from the country by ICE. *Id.* at 1339. The court remanded with instructions for pretrial release, upon which the "United States Marshals shall release [the defendant] to ICE custody, pursuant to the [ICE] detainer." *Id.* at 1340. In arriving at its conclusion, the Tenth Circuit reasoned that resolving any possible conflict is for the Executive Branch:

> In any event, to the extent any conflict exists, it is a matter for the Executive Branch to resolve internally. "The problem here is not that defendant will absent himself from the jurisdiction, but that two Article II agencies will not

>coordinate their respective efforts. . . . It is not appropriate for an Article III judge to resolve Executive Branch turf battles."

*Id.* at 1339 (quoting *United States v. Barrerra-Omana*, 638 F.Supp.2d at 1008, 1111 (D. Minn. 2009)).

Moreover, the plaintiff's specific request in the motion appears to be inconsistent with the prior pretrial release order and the process following release, as outlined in the caselaw. *See id.* at 1340 (remanding to require release from Marshal custody to ICE following pretrial release of defendant under the Bail Reform Act). The plaintiff in this case did not seek Mr. Mancebo-Garcia's pretrial detention under the Bail Reform Act, and he was accordingly released from the custody of the United States Marshals Service. ICE then took custody of him pursuant to its immigration detainer.

The plaintiff's current requested relief — that the Court order that the defendant be delivered to the United States Marshal for the Northern District of Oklahoma to bring him to court — places the defendant back in this District in Marshal custody, just as he was prior to his pretrial release and subsequent detention by ICE. And if the Court ordered him released again pursuant to the prior pretrial release order already in place in this case, then ICE would still have an immigration detainer pursuant to which he would be detained. Rather than resolve this issue between two agencies within the Executive Branch, the plaintiff asks this Court to order what appears to be a revolving door of detention after it has already ordered the defendant released from custody in this case. The court in *Villa*

5

coherently explained the problem with the plaintiff's requested habeas corpus ad prosequendum request:

> [The Department of Homeland Security (DHS)] has taken Mr. Villa into custody. . . . [T]hat agency possesses the authority to keep Mr. Villa in the United States for his trial. Whether it elects to do so is up to DHS, the Department of Justice, and the Chief Executive Officer of the United States. This court has no business deciding how a co-equal branch of government should resolve the priorities to favor one executive agency or another. . . .
>
> The United States argues that its motion doesn't ask the court to order the defendant back into Marshal's custody. Instead, it argues, the government just asks the court to issue a writ ordering ICE to bring Mr. Villa to court appearances and trial. But ICE has detained Mr. Villa under the laws and regulations governing its responsibilities. If those laws permit it to transport a detainee to a federal courthouse for a hearing or trial, ICE will know as much. And if they don't, the court has no business telling ICE to do something it isn't authorized to do. . . . IT IS THEREFORE ORDERED that the government's Motion for Writ of Habeas Corpus . . . is denied.

*Villa*, at *4.

During the April 13 hearing on the plaintiff's motion, there was discussion of the *Villa* case and the plaintiff's counsel admitted that he did not have any authority counter to the *Villa* case, which is directly on point to the instant Petition. Yet, the plaintiff has still not cited a single rule, statute, or case authority supporting its request in the instant Petition before the Court. (*See* Doc. 32).

Without any legal authority cited for the requested writ, the Court finds that the plaintiff's Petition should be denied. (*See, e.g.,* N.D. Okla. LCrR 47-1, requiring a party to "state with particularity the grounds for" a motion and to submit citation to "authorities upon which the movant . . . relies"). Here, the prior motion relating to the issue of ICE

6

custody was denied, without prejudice, with an opportunity for the plaintiff to make a future request upon proper citation to legal authority. Still, none has been provided.

IT IS THEREFORE ORDERED that the plaintiff's Petition (Doc. 32) is **denied**.

SO ORDERED this 9th day of May, 2023.

Christine D. Little
United States Magistrate Judge